UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH L. SHACK,           )<br>                            )<br>    Plaintiff,              )<br>                            )<br>v.                          )<br>                            )<br>LT. MUHAMAD JENKINS and     )<br>OFFICER HAKEEM EDMUNDS,     )<br>                            )<br>    Defendants.             ) | Civil Action Number<br>2:16-cv-01626-AKK-TMP |

## MEMORANDUM OPINION

Joseph L. Shack filed this lawsuit alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Docs. 1; 8.  The magistrate judge filed a report on February 23, 2017, recommending the dismissal of this action without prejudice for failure to state a claim upon which relief can be granted.  Doc. 11.  The court advised the parties of their right to file specific written objections within fourteen days.  *Id.* at 15.  The court received Shack's undated objections on March 13, 2017.  Doc. 12.  Although it is unclear whether Shack timely submitted his objections through the prison mailing system, the court will address the objections below.

Shack first objects to the magistrate judge's determination that he has not stated a valid constitutional claim based on his placement in segregation.  Shack states that the only inmates who are "suppose [*sic*] to go to segregation upon

arrival at Donaldson Correctional Fac. are death row inmates, close custody inmates, inmates transferring from a different fac. already in segregation, are in close custody, [or] have disciplinary segregation/lock up days pending." Doc. 12 at 1. Shack alleges that none of these conditions applied to him. *Id.* Even accepting as true that the prison staff acted inconsistently with the prison's usual policies when they placed Shack in segregation, Shack still fails to state a claim for relief. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983) ("[T]he transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."). Accordingly, Shack's objection is **OVERRULED**.

Shack also objects to the dismissal of his excessive force and deliberate indifference claims. Specifically, Shack states that he was "beaten upon [his] arrival for no reason," was "denied medical attention for so long," and "didn't see a Dr. about [his] ear for over 3 months." Doc. 12 at 2. These objections do not address the magistrate judge's observation that Shack's complaint and amended complaint contain (without explanation) vastly different accounts of the hearing aid incident that occurred when Shack arrived at Donaldson. *See* doc. 11 at 7; *compare* doc. 1 at 3 *with* doc. 8 at 4, 11. The objections also fail to address the magistrate judge's determination that Shack failed to allege that the substantial loss of hearing in one ear "cause[d] him pain, interfere[d] with his daily activities, or

subject[ed] him to a substantial risk of harm," *see id.* at 11, and that defendants were more than merely negligent in failing to address his need, *see id.* at 12. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) ("There is no liability for an official's failure to alleviate a significant risk that he should have perceived but did not."). Therefore, these objections are also **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and Shack's objections, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED**, and the recommendation **ACCEPTED**. Consequently, this action is due to be **DISMISSED WITHOUT PREJUDICE**. The court will contemporaneously enter an order of final judgment in accordance with the foregoing.

**DONE** the 15th day of March, 2017.

/s/ Abdul Kallon
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE